```
Richard C. Norton, Esq. (Cal. Bar No. 135024)
NORTON MOORE & ADAMS, LLP
525 B Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-8200
Facsimile: (619) 231-7595
```

Attorneys for Creditor, Gerald H. Davis, Chapter 7 Trustee of the bankruptcy estate of Michael Wayne Crow

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MICHELLE CROW,<br><br>    Debtor.<br><br>_____<br><br>GERALD H. DAVIS, Chapter 7 Trustee of Bankruptcy Estate of Michael Wayne Crow;<br><br>    Moving Party,<br><br>v.<br><br>MICHELLE CROW, Debtor;<br><br>    Respondent.<br>_____ | Case No. 12-08958-LT7<br><br><br><br><br><br>**RS No.: RCN-1**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY**<br><br><br>Dept: 3<br>Honorable Laura S. Taylor |

Movant, Gerald H. Davis, Chapter 7 Trustee of the bankruptcy estate of *In re Michael Wayne Crow*, Case No. 10-00978-LT7 ("Trustee" and/or "Creditor"), hereby submits the following memorandum for points and authorities in support of his motion for relief from stay:

///

///

## SUMMARY

1. The trustee seek s an order granting relief from the stay so that he may continue to prosecute an Adversary Proceeding (Adversary Proc. No. 12-90030-LT7) which is currently pending in the bankruptcy proceeding of In re Michael Wayne Crow (Case No. 10-00978-LT7) directed against non-debtor parties, seeking to recover certain property and damages arising from said property, which are not property of this debtor's bankruptcy estate.

2. Michelle Crow's involvement in the Adversary Proceeding relates to two (2) items being sought by the trustee. The trustee seeks to recover a certain vehicle ("1990 Bentley") which was fraudulently transferred by the debtor, Michael Crow, to a third party entity and is now in the possession of Michelle Crow. Furthermore, the trustee seeks to recover certain Lenco Certificates that are owned and registered in the names of non-debtor third party entities. Michelle Crow does not directly own the subject 1990 Bentley vehicle or the Lenco Certificates.

## ARGUMENT

3. On January 22, 2010, the debtor, Michael Wayne Crow (hereinafter the "debtor" and/or "Mr. Crow"), herein filed with this Court a petition for relief pursuant to the provisions of Chapter 7 of Title 11, United States Bankruptcy Code.

4. By order entered on January 22, 2010, Gerald H. Davis, was appointed as the Chapter 7 trustee of the bankruptcy case of In re Michael Wayne Crow, Case No. 10-00978-LT7.

5. On January 26, 2010, debtor, Michelle Crow, married Michael W. Crow.

6. On January 20, 2012, the Trustee filed a "Complaint For Avoidance and Recovery of Fraudulent Transfers, Preferences, Post-Petition Transfers, Turnover of Property of the Estate, and Disallowance of Claims," against several individuals and entities, including but not limited to Michelle Crow, entitled *Gerald H. Davis, Trustee, v. M.W. Crow Family, L.P., et al.*, U.S.B.C., S.D., Cal., Adversary Proc. No. 12-90030-LT7 (hereinafter the "Adversary Proceeding").

7. On June 13, 2012, the Trustee filed the First Amended Complaint in the Adversary Proceeding (hereinafter the "First Amended Complaint"), which seeks to avoid and recover

certain property which is believed to be property of the Michael Crow bankruptcy estate (not the Michelle Crow estate), and in the possession of Michelle Crow, including but not limited to the following:

    (A)    The automobile described as a 1990 Bentley, title to which was and/or is held or registered in the name of "MC2 Squared, Inc.," "MOSD Holdings, LLC" and/or the Children's Trust.

The 1990 Bentley was purchased with funds arising from the sale of certain art work by Michael Crow after Mr. Crow filed his Chapter 7 petition. Furthermore, Michelle Crow does not own the 1990 Bentley but has admitted to having possession of the subject vehicle. The registered owner of the 1990 Bentley is a third party entity, MC2 Squared, MOSD and/or the Children's Trust. A true and correct copy of the First Amended Complaint filed by the trustee in the Adversary Proceeding is attached to the Norton Declaration filed concurrently herewith as Exhibit "A."

    8.    Additionally, the Adversary Proceeding seeks to recover certain stock certificates in an entity known as Lenco Mobile, Inc. ("Lenco Certificates"), which are purportedly owned by certain third party entities:

    (A)    <u>Lenco Certificates Owned by "MC2 Squared, Inc.," and "Eden Marketing, LLC."</u> The trustee seeks to recover certain Lenco Certificates owned by MC2 Squared, Inc., a Nevada corporation (hereinafter "MC2 Squared"), Eden Marketing, LLC, a Nevada limited liability company ("Eden Marketing"), Biltmore Investments, LLC, a Nevada limited liability company ("Biltmore 1"), and Biltmore Investment Group, LLC, a Florida limited liability company ("Biltmore 2").

***Debtor, Michelle Crow, does not directly own Lenco Certificates***. However, Michelle Crow does own approximately 50% of the stock of MC2 Squared which is the registered owner of certain Lenco Certificates. Also, MC2 Squared owns 100% of Eden Marketing which is the registered owner of certain Lenco Certificates. It is further believed that Michelle Crow may claim to own 100% Biltmore 1, but claims to have no interest in Biltmore 2.

-3-  POINTS AND AUTHORITIES IN SUPPORT OF RELIEF FROM STAY

9.   On June 27, 2012, creditor, Van Dyke & Associates, APLC, initiated this bankruptcy proceeding by filing an involuntary Chapter 7 bankruptcy petition against Michelle Crow.

10.   On January 30, 2013, this court entered its Order For Relief and Order Directing Debtor to File Schedules and Statement of Financial Affairs ("Order for Relief") in this bankruptcy proceeding.

11.   The effect of this involuntary bankruptcy filing against Michelle Crow is that it may cloud the issue of whether the trustee may prosecute through judgment (including any appeals) and execution of that judgment, the claims for relief asserted in the above-described Adversary Proceeding as follows:

(A)   All claims for relief alleged in the Adversary Proceeding seeking recovery and turnover of the 1990 Bentley automobile from any person or entity in possession of said vehicle, including but not limited to Michelle Crow;

(B)   All claims for relief alleged in the Adversary Proceeding seeking recovery of the Lenco Certificates which are owned or registered in the names of non-debtor third parties, including but not limited to MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2;

(C)   All claims for relief alleged in the Adversary Proceeding against non-debtor defendants, including but not limited to MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2; and

(D)   All claims for relief alleged in the Adversary Proceeding against Michelle Crow to the extent any such claim seeks turn over of the 1990 Bentley automobile and any Lenco Certificates which are owned or registered in the names of non-debtor third parties, including but not limited to MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2.

12.   The trustee does not seek to obtain an award against Michelle Crow or to recover damages against her estate.  Furthermore, the trustee does not seek to recover property that is property of the bankruptcy estate of Michelle Crow.

13. As non-debtors, MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2 are not protected by the automatic stay arising under 11 U.S.C. section 362, "As a general rule, the automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect nondebtor parties or their property." In re Chugach Forest Products, Inc., 23 F.3d 241, 246 (9th Cir. 1994) (citing Advanced Ribbons & Office Prods. V. U.S. Interstate Distrib., 125 Bktcy. 259, 263). Unless the assets of the bankruptcy estate are at stake, the automatic stay does not extend to actions against parties other than the debtor, such as codebtors and sureties. United States of America v. Dos Cabezas Corp., 995 F.2d 1486, 1491-1492 (9th Cir. 1993) (citing 2 Collier on Bankruptcy Par. 362.02, at 362-31 to 362-32). Because they are not protected by the automatic stay, third parties who are jointly liable on debt owed by the debtor may, despite the debtor's bankruptcy, be pursued on that debt. In re Lockhard, 884 F.2d 1171, 1178-79 (9th Cir. 1989).

14. Here, MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2 are non-debtors that are either indebted to the trustee, or have title to property that is subject to the trustee's claims in the Adversary Proceeding. Assets of the Michelle Crow bankruptcy estate are not at stake in the causes of action against MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2. Hence, the automatic stay does not extend to causes of action contained within the Adversary Proceeding against MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2. Therefore, MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2 may be pursued in the Adversary Proceeding despite the bankruptcy filing against Michelle Crow.

15. Likewise, any and all claims which seek recovery of the 1990 Bentley automobile and the Lenco Certificates owned or registered in the names of non-debtor third parties, do not affect property of the estate in that said vehicle and Lenco Certificates were never owned by the debtor, Michelle Crow, and are not property of the Michelle Crow bankruptcy estate. Therefore, any and all claims seeking the turnover of the 1990 Bentley and the Lenco Certificates may be pursued against any of the defendants in the Adversary Proceeding, including Michelle Crow.

///

///

## **CONCLUSION**

16. It is respectfully requested that this court issue its order granting relief from the stay so that the trustee may prosecute through judgment (including any appeals) and execution of that judgment, the claims for relief asserted in the above-described Adversary Proceeding as follows:

(A) All claims for relief alleged in the Adversary Proceeding seeking recovery and turnover of the 1990 Bentley automobile from any person or entity in possession of said vehicle, including but not limited to Michelle Crow;

(B) All claims for relief alleged in the Adversary Proceeding seeking recovery of the Lenco Certificates which are owned or registered in the names of non-debtor third parties, including but not limited to MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2;

(C) All claims for relief alleged in the Adversary Proceeding against non-debtor defendants, including but not limited to MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2; and

(D) All claims for relief alleged in the Adversary Proceeding against Michelle Crow to the extent any such claim seeks turn over of the 1990 Bentley automobile and any Lenco Certificates which are owned or registered in the names of non-debtor third parties, including but not limited to MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2.

NORTON MOORE & ADAMS
A Limited Liability Partnership

Dated: February 13, 2013      By: */s/ Richard C. Norton*
                                  Richard C. Norton,
                                  Attorneys for Creditor, Gerald H. Davis,
                                  Chapter 7 Trustee of the bankruptcy estate of
                                  Michael Wayne Crow

## PROOF OF SERVICE

I, Natasha Huitt, declare that: I am over the age of 18 and not a party to the within action; I am employed in the County of San Diego, California where the service occurs; and my business address is 525 B Street, Suite 1500, San Diego, California.

On February 13, 2013, I served the foregoing document(s) described as:

**NOTICE OF FILING OF A MOTION FOR RELIEF FROM AUTOMATIC STAY**

**MOTION FOR RELIEF FROM STAY**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY**

**DECLARATION OF RICHARD C. NORTON IN SUPPORT OF MOTION FOR RELIEF FROM STAY**

on all interested parties to this action by placing true copies thereof enclosed in sealed envelopes addressed as shown below:

Richard S. Van Dyke, Esq.
Van Dyke & Associates, APLC
501 W. Broadway, Suite 1600
San Diego, CA 92101

Michelle Crow
PO Box 676240
Rancho Santa Fe, CA 92067

Michelle Crow
2651 Via De La Valle
Del Mar, CA 92014

United States Trustee
402 West Broadway, Suite 600
San Diego, CA 92101

  X  **BY MAIL**: I placed a true copy in a sealed envelope addressed to the parties as indicated above, on **February 13, 2013.** I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **February 13, 2013** at San Diego, California.

/s/ Natasha Huitt
_____
Natasha Huitt

-7-  POINTS AND AUTHORITIES IN SUPPORT OF RELIEF FROM STAY