Richard C. Norton, Esq. (Cal. Bar No. 135024)
NORTON MOORE & ADAMS, LLP
525 B Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-8200
Facsimile: (619) 231-7595

Attorneys for Creditor, Gerald H. Davis, Chapter 7 Trustee of the bankruptcy estate of Michael Wayne Crow

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MICHELLE CROW,<br><br>    Debtor.<br><br>―――――――――――――――<br><br>GERALD H. DAVIS, Chapter 7 Trustee of Bankruptcy Estate of Michael Wayne Crow;<br><br>    Moving Party,<br><br>v.<br><br>MICHELLE CROW, Debtor;<br><br>    Respondent.<br><br>―――――――――――――――| Case No.   12-08958-LT7<br><br>**RS No.: RCN-1**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO TRUSTEE'S MOTION FOR RELIEF FROM STAY**<br><br>Hearing:  March 14, 2013<br>Time:     10:00 a.m.<br>Dept:     3<br>Judge:    Laura S. Taylor |

      Creditor, Richard S. Van Dyke, Esq. ("Mr. Van Dyke"), has filed an opposition to the motion for relief from stay in *In re of Michelle Crow*, filed by Gerald H. Davis, Chapter 7 Trustee of the bankruptcy estate of *In re Michael Wayne Crow*, Case No. 10-00978-LT7 ("Trustee" and/or "Creditor"). The Trustee hereby submits the following reply memorandum for points and authorities in support of his motion for relief from stay:

-1-  POINTS AND AUTHORITIES IN REPLY TO OPPOSITION

The trustee seek s an order granting relief from the stay so that he may continue to prosecute an Adversary Proceeding (Adversary Proc. No. 12-90030-LT7) which is currently pending in the bankruptcy proceeding of <u>In re Michael Wayne Crow</u> (Case No. 10-00978-LT7) seeking to recover certain property that is not property of this estate because said property is owned by non-debtor third parties. Michelle Crow's involvement in the Adversary Proceeding relates to two (2) items being sought by the trustee. The trustee seeks to recover a certain vehicle ("1990 Bentley") which was fraudulently transferred by the debtor, Michael Crow, to a third party entity (not Michelle Crow) and is now in the possession of Michelle Crow. Furthermore, the trustee seeks to recover certain Lenco Certificates that are owned and registered in the names of non-debtor third party entities. Michelle Crow does not directly own the subject 1990 Bentley vehicle or the Lenco Certificates.

Mr. Van Dyke through his firm Van Dyke & Associates, APC ("Van Dyke"), claims to be a creditor by virtue of a default judgment it obtained against debtor, Michelle Crow, and entities, Eden Marketing and MC2 Squared. Van Dyke has been continuing to enforce its default judgment against Eden Marketing and MC2 Squared without any apparent belief that such action is barred by the stay arising from the involuntary petition filed against Ms. Crow.

Van Dyke now opposes the trustee's motion for relief from stay in attempting to prevent the trustee from collecting the subject Lenco Certificates and the 1990 Bentley which is the very same action that Van Dyke has been attempting since the involuntary petition was filed. It appears the actual motivation behind Van Dyke's opposition to the trustee's motion for relief from stay is nothing more than an attempt to thwart the trustee's collection efforts while Van Dyke attempts to collect his default judgment against the very same assets of MC2 Squared and Eden Marketing.

///
///
///
///
///

**1.    The Trustee Properly Seeks to Recover the 1990 Bentley automobile from any person or entity in possession of said vehicle, including but not limited to Michelle Crow.**

The trustee has filed a complaint against the defendants in the Adversary Proceeding alleging that the 1990 Bentley is property of the Michael Crow estate. The trustee's claim is based upon the fact that the 1990 Bentley was purchased by Michael Crow who utilized funds arising from the sale of art work in his possession after his Chapter 7 bankruptcy petition was filed. (See Paragraphs 74 and 75 of the Complaint, Exhibit "A" to the Norton Decl.) Furthermore, the 1990 Bentley was placed in the name of MOSD and/or MC2 Squared (not Michelle Crow). MC2 Squared has been defaulted. MOSD has settled with the trustee and relinquished any and all interest in the 1990 Bentley to the trustee. Under no circumstance is the 1990 Bentley property of the Michelle Crow bankruptcy estate.

Additionally, in order to obtain a default judgment against the defendants, the trustee will be required to support his claim for a post petition transfer under Section 549 with evidentiary support. Contrary to the statement of Mr. Van Dyke, the trustee will not be able to obtain a default judgment by simply defaulting the defendants. If the trustee can support the above allegations, which he can with existing and known evidence, the bankruptcy estate of Michelle Crow will not have any claim to the 1990 Bentley Automobile.

**2.    The Trustee Properly Seeks to Recover the Lenco Certificates which are owned or registered in the names of non-debtor third parties, including but not limited to MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2.**

Van Dyke has no response to the relief sought by the trustee in relation to the Lenco Certificates. Once again, as non-debtors, MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2 are not protected by the automatic stay arising under 11 U.S.C. section 362, "As a general rule, the automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect nondebtor parties or their property." In re Chugach

Forest Products, Inc., 23 F.3d 241, 246 (9th Cir. 1994) (citing Advanced Ribbons & Office Prods. V. U.S. Interstate Distrib., 125 Bkrtcy. 259, 263).  Van Dyke has failed to provide any legal authority to the contrary.

**3.    The Trustee Properly Seeks to Prosecute claims against non-debtor defendants, including but not limited to MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2.**

This relief sought by the trustee through the instant motion relates to any other property that these third party entities may have in their respective names.  This relief goes beyond the Lenco Certificates and the 1990 Bentley.  Once again, the automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect nondebtor parties or their property."

**4.    The Trustee Properly Seeks to Compel Michelle Crow to turn over the 1990 Bentley automobile and any Lenco Certificates which are owned or registered in the names of non-debtor third parties, including but not limited to MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2.**

Once again, the trustee is seeking to compel turnover of property that is not owned by Michelle Crow.  Instead, the trustee is specifically seeking property identified as the 1990 Bentley and Lenco Certificates owned or registered in the names of non-debtor third parties, e.g., MC2 Squared, Eden Marketing, Biltmore 1, and Biltmore 2.  The trustee is not seeking any property registered or owned in the name of Michelle Crow.  The automatic stay does not apply to the identified property nor does it apply to the non-debtor third parties.

///

///

///

## **CONCLUSION**

The trustee respectfully requests this court to grant relief as requested by this motion in order to avoid any further unnecessary delays in the prosecution of the claims asserted in the First Amended Complaint filed in the bankruptcy proceeding of Michael Crow.

                                NORTON MOORE & ADAMS
                                A Limited Liability Partnership

                                */s/ Richard C. Norton*
Dated: March 6, 2013            By:_____
                                  Richard C. Norton,
                                Attorneys for Creditor, Gerald H. Davis,
                                Chapter 7 Trustee of the bankruptcy estate of
                                Michael Wayne Crow

# PROOF OF SERVICE

I, Natasha Huitt, declare that: I am over the age of 18 and not a party to the within action; I am employed in the County of San Diego, California where the service occurs; and my business address is 525 B Street, Suite 1500, San Diego, California.

On March 6, 2013, I served the foregoing document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO TRUSTEE'S MOTION FOR RELIEF FROM STAY**

on all interested parties to this action by placing true copies thereof enclosed in sealed envelopes addressed as shown below:

Leonard J. Ackerman
6977 Navajo Road, Suite 124
San Diego, CA 92119

Richard S. Van Dyke, Esq.
Van Dyke & Associates, APLC
501 W. Broadway, Suite 1600
San Diego, CA 92101

Michelle Crow
PO Box 676240
Rancho Santa Fe, CA 92067

Michelle Crow
2651 Via De La Valle
Del Mar, CA 92014

Michelle Crow
1111 Woodbridge
Thousand Oaks, CA 90212

Michelle Crow
P.O. Box 6630
Los Angeles, CA 90212

United States Trustee
402 West Broadway, Suite 600
San Diego, CA 92101

 X  **BY MAIL**: I placed a true copy in a sealed envelope addressed to the parties as indicated above, on **March 6, 2013.** I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

-6-  POINTS AND AUTHORITIES IN REPLY TO OPPOSITION

1     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **March 6, 2013** at San Diego, California.

/s/ Natasha Huitt

_____

Natasha Huitt