Richard C. Norton, Esq. (Cal. Bar No. 135024)
NORTON MOORE & ADAMS, LLP
525 B Street, Suite 1500
San Diego, California 92101
Telephone: (619) 233-8200
Facsimile: (619) 231-7595

Attorneys for Gerald H. Davis, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MICHAEL WAYNE CROW,<br><br>    Debtor.<br><br>In re<br><br>MICHELLE CROW,<br><br>    Debtor.<br><br>Case No.: 12-08958-LT7 | (Proposed) Lead Case No.: 10-00978-LT7<br><br>(Proposed) Jointly Administered with<br>Case No.: 12-08958-LT7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR JOINT ADMINISTRATION AND APPOINTMENT OF GERALD H. DAVIS AS TRUSTEE IN ALL JOINTLY ADMINISTERED CASES**<br><br>**[F.R.B.P., Rules 1015 and 2009(c)]**<br><br>Date:  May 2, 2013<br>Time:  10:00 a.m.<br>Dept.:  Three<br>Judge: Laura S. Taylor |

Gerald H. Davis, Chapter 7 trustee of the bankruptcy estate of Michael Wayne Crow (hereinafter the "trustee" or "Trustee Davis"), hereby submits this memorandum of points and authorities in support of his Motion for Joint Administration and Appointment of Gerald H. Davis as Trustee in All Jointly Administered Cases:

///

///

-1-  BRIEF IN SUPPORT OF MOTION FOR JOINT ADMINISTRATION

## **SUMMARY**

Pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (hereinafter the "F.R.B.P."), 11 U.S.C., Section 105(a), and Rule 1015 -2 of the Local Bankruptcy Rules of the United States Bankruptcy Court, Southern District of California (hereinafter the "Local Rules"). Trustee Davis requests this court to order joint administration of the bankruptcy proceeding of Michael Wayne Crow (Case No. 10-00978-LT7), with the bankruptcy proceeding of Michelle Crow (Case No. 12-08958-LT7), and to appoint trustee Gerald H. Davis as the trustee of the jointly administered cases.  (Both cases have been assigned to the same bankruptcy court judge.)

Trustee Davis further requests that the bankruptcy case, case number (Case No. 10-00978-LT7), and docket of the Michael Wayne Crow bankruptcy proceeding be the lead case, lead case number, and lead docket for the jointly administered estates.

Pursuant to Rule 2009(c) of the F.R.B.P., this court is authorized to appoint Gerald H. Davis as the trustee for both estates being jointly administered.  Furthermore, the Chapter 7 Trustee currently assigned to the Michelle Crow case, Leonard Ackerman (hereinafter "Trustee Ackerman" or "Mr. Ackerman"), also agrees to have the bankruptcy estates jointly administered with Gerald H. Davis appointed as the trustee for both estates.

Joint administration of the bankruptcy proceedings is appropriate for various reasons, including the fact that under Local Bankruptcy Rule 1015-2(b)(2), the bankruptcy proceedings of current or former spouses are deemed "related" and the same bankruptcy judge should be assigned for the bankruptcy proceedings.  Furthermore, during the past 2 years Trustee Davis and his counsel have conducted an extensive investigation into the financial affairs of Michael Crow which has revealed that certain assets in the possession and control of Michelle Crow actually belong to the Michael Crow estate.  It is also believed that there are shared creditors and that all known assets in the possession of Michelle Crow actually belong to the Michael Crow estate.

Accordingly, joint administration will eliminate any dispute and conflict of interest between the estates of Michael Crow and Michelle Crow in relation to the property of the Michael Crow estate which is in the possession of Michelle Crow, e.g., the Bentley automobile, the entity known as MC2 Squared, Inc., Eden Marketing, LLC, and the Lenco Certificates.

Furthermore, joint administration will avoid duplicative expenses and will ensure that creditors in both bankruptcy estates will receive appropriate notices of pertinent matters.

**FACTUAL BACKGROUND**

On January 22, 2010, Michael Wayne Crow filed with this Court a petition for relief pursuant to the provisions of Chapter 7 of Title 11, United States Bankruptcy Code (hereinafter alternatively referred to as the "Michael Crow case").

By order entered on January 22, 2010, Gerald H. Davis was appointed Chapter 7 trustee of the Michael Crow case.

On January 26, 2010 (4 days after filing for bankruptcy), Michael Crow and Michelle Crow were married. (See Request for Judicial Notice: Van Dyke Declaration, dated February 27, 2013, Par. 4, pg. 2. [Docket No. 38].)

On January 20, 2012, the Trustee filed a "Complaint For Avoidance and Recovery of Fraudulent Transfers, Preferences, Post-Petition Transfers, Turnover of Property of the Estate, and Disallowance of Claims," against several individuals and entities, including but not limited to Michelle Crow, entitled *Gerald H. Davis, Trustee, v. M.W. Crow Family, L.P., et al.*, U.S.B.C., S.D., Cal., Adversary Proc. No. 12-90030-LT7 (hereinafter the "Adversary Proceeding").

On June 13, 2012, the Trustee filed the First Amended Complaint in the Adversary Proceeding (hereinafter the "First Amended Complaint"), which seeks to avoid and recover certain property which is believed to be property of the Michael Crow bankruptcy estate (not the Michelle Crow estate), and in the possession of Michelle Crow, including but not limited to the following:

(A)  The automobile described as a 1990 Bentley; and

(B)  Stock certificates for an entity named Lenco Mobile, Inc. ("Lenco Certificates").

The 1990 Bentley was purchased with funds arising from the sale of certain art work by Michael Crow *after* Mr. Crow filed his Chapter 7 petition and *after* Michael Crow and Michelle Crow were married. Trustee Davis contends that the art work was property of the Michael Crow

estate and the 1990 Bentley was purchased with proceeds from the sale of the art work which also constitutes property of the Michael Crow estate.

Additionally, the Adversary Proceeding seeks to recover the Lenco Certificates which are issued in the name of certain third party entities, MC2 Squared, Inc., a Nevada corporation (hereinafter "MC2 Squared"), Eden Marketing, LLC, a Nevada limited liability company ("Eden Marketing"), Biltmore Investments, LLC, a Nevada limited liability company ("Biltmore 1"), and Biltmore Investment Group, LLC, a Florida limited liability company ("Biltmore 2").

***Debtor, Michelle Crow, does not directly own Lenco Certificates***, but does own approximately 50% of the stock of MC2 Squared which is the registered owner of certain Lenco Certificates. Also, MC2 Squared owns 100% of Eden Marketing which is the registered owner of certain Lenco Certificates. It is further believed that Michelle Crow may claim to own 100% of Biltmore 1, but she claims to have no interest in Biltmore 2.

On **June 27, 2012**, creditor, Van Dyke & Associates, APLC, initiated this bankruptcy proceeding by filing an involuntary Chapter 7 bankruptcy petition against Michelle Crow. At the time of the involuntary petition, Michelle Crow and Michael Crow were still married.

On January 30, 2013, this court entered its Order For Relief and Order Directing Debtor to File Schedules and Statement of Financial Affairs ("Order for Relief") in the Michelle Crow bankruptcy proceeding by no later than February 13, 2013. As of the date of the Order for Relief, Michael Crow and Michelle were still married. (See Request for Judicial Notice: Van Dyke Decl., Par. 28, pg. 5 [Docket No. 38].)

As of the date of this motion, Michelle Crow has not filed the required bankruptcy schedules or the statement of financial affairs as ordered by the court.

The Michael Crow case and the Michelle Crow case are both assigned to the Honorable Laura S. Taylor of the United States Bankruptcy Court.

Leonard J. Ackerman was duly appointed the Chapter 7 trustee of the Michelle Crow bankruptcy estate.

///

///

On March 12, 2013, the first 341 meeting of creditors was called by Trustee Ackerman, but Michelle Crow failed to appear.  The 341 meeting of creditors was then continued to March 25, 2013.

On March 14, 2013, after a hearing on Trustee Davis' motion for relief from stay, this court granted the requested relief to allow Trustee Davis to litigate the Adversary Proceeding against Michelle Crow, including seeking the collection of certain property owned by Michael Crow or various third party entities, but in the possession of Michelle Crow.

On March 25, 2013, the second 341 meeting of creditors was called by Trustee Ackerman, but Michelle Crow again failed to appear.  The 341 meeting of creditors was continued to April 3, 2013, and again to **May 8, 2013**.

## ARGUMENT

The Michael Crow Trustee (Gerald H. Davis), with the agreement and support of the Michelle Crow Trustee (Leonard Ackerman), requests that the Court approve joint administration of the bankruptcy estates.  Rule l015 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P.") provides that the Court may order the joint administration of cases involving a husband and wife where such an order "may tend to avoid unnecessary costs and delay." F.R.B.P., Rule 1015(b)(1) & (c).  "Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest."  F.R.B.P., Rule 1015(b).

Bankruptcy Rule 1015 is designed to promote the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced.  See 8 Collier on Bankruptcy, Par. 1015.03 (15th Ed. 1990); In re Brookhollow Assocs., 435 F.Supp. 763, 766 (D.Mass. 1977), affd., 575 F.2d 1003 (1st Cir.1986) (Joint administration "help[s] the bankruptcy court to administer economically and efficiently different estates with substantial interests in common"); In re H&S Transportation Co., 55 B.R. 786 (Bkrtcy. M.D.Tenn. l985).

Unlike substantive consolidation which pools the assets and liabilities of related entities, joint administration is merely procedural; each of the Debtors' estates herein would remain a

separate legal entity and creditors' individual rights against each estate are preserved. In re N.S.Garrott & Sons, 63 B.R. 189, 191 (E.D. Ark. 1986); In re Arnold, 33 B.R. 765, 767 (Bkrtcy. E.D.N.Y. 1983).

Joint administration of the Cases is warranted and appropriate under Rule 1015(b) of the F.R.B.P. As stated earlier, Michael Crow and Michelle Crow were married and their bankruptcy cases are "related" pursuant to Local Rule 1015-2(b)(2). The Crows were actually still married at the time the involuntary petition was filed against Michelle Crow. Accordingly, most, if not all, of the creditors of Michelle Crow will likely also be creditors of Michael Crow. Likewise, the assets of the Michelle Crow bankruptcy estate will most likely be community property assets of Michael and Michelle Crow. Accordingly, the joint administration of the estates will avoid any conflict of interest between the estates.

Moreover, the only known asset of Michelle Crow with any possible value is her ownership interest in the shell entity known as MC2 Squared, Inc., which is also owned by the Michael Crow bankruptcy estate. MC2 Squared, Inc., in turn owns another shell entity known as Eden Marketing, LLC. After years of investigating the financial affairs of Michael Crow, it is believed that MC2 Squared, Inc., and Eden Marketing, LLC, were nothing more than shell entities that were used to conceal Michael Crow's property and ownership in certain stock certificates known as the Lenco Certificates from his creditors. Once again, in this situation, the joint administration of the estates will avoid any conflict of interest between the estates.

Another asset which is believed to be in Michelle Crow's possession is a 1990 Bentley automobile. Trustee Davis' investigation into Michael Crow's financial affairs has confirmed that this automobile was purchased with proceeds arising from the sale of art work that Michael Crow controlled and held in the name of his children's trusts. Michelle Crow has admitted under oath that she does not own this automobile. Despite the fact that she does not own the automobile, Michelle Crow has thus far refused to relinquish possession to the trustee. Joint administration will eliminate any dispute and conflict of interest between the estates of Michael and Michelle Crow in relation to the Bentley, the entity known as MC2 Squared, Inc., Eden Marketing, LLC, and the Lenco Certificates.

The joint administration of the estates in the Michael Crow case and the Michelle Crow case will not prejudice the creditors or their substantive rights in these cases. Joint administration of these two cases, together with the appointment of Gerald H. Davis as the trustee to the Michelle Crow case, would enable the trustee to determine more efficiently the state of financial affairs and respective estates. Joint administration also would promote cost savings and increased efficiency for all creditors, parties in interest, and their respective counsel.

Nothing contained in this Motion or the Order on this Motion shall be deemed or construed as directing or otherwise causing a substantive consolidation of the Michael Crow case and the Michelle Crow case.

Trustee has served copies of this Motion to all interested parties and their counsel, trustee, and/or interim trustee, and all individuals and entities set court in the Court's Creditor Mailing List for the above-captioned proceedings.

## **CONCLUSION**

WHEREFORE, Trustee requests this Court to order the joint administration of the Michael Crow case (Case No. 10-00978-LT7) and the Michelle Crow case (Case No. 12-08958-LT7), both of which are pending before the Honorable Judge Laura S. Taylor, in a proposed order as follows:

1. The motion is granted.
2. The following cases are consolidated for procedural purposes only and shall be jointly administered by this Court under lead case In re Michael Wayne Crow, Case No. 10-00978-LT7:
   (a) In re Michael Wayne Crow, Case No. 10-00978-LT7 (lead case);
   (b) In re Michelle Crow, Case No. 12-08958-LT7.
3. The consolidated caption of the jointly administered cases, specifying all debtors and their respective case numbers, to be used on all pleadings, motions, operating reports and other papers served or filed in the jointly administered cases, shall read as the above captioned pleading.

4. Gerald H. Davis, Esq., Chapter 7 Trustee of the <u>In re Michael Wayne Crow</u> case, is hereby assigned as the Chapter 7 Trustee of <u>In re Michelle</u> Crow, Case No. 12-08958-LT7, in place of Leonard Ackerman.

5. An order shall be made on the docket of each of the jointly administered cases, that is substantially similar to the following:

> "An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of and appointment of Gerald H. Davis as Chapter 7 Trustee of the following Chapter 7 Cases <u>In re Michael Wayne Crow</u>, Case No. 10-00978-LT7 (lead case) and <u>In re Michelle Crow</u>, Case No. 12-08958-LT7. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-00978-LT7."

6. One consolidated docket and one consolidated service list shall be maintained and used by the Court for the jointly administered cases.

7. The debtors are informed that if one spouse has elected the exemptions under §522(b)(2) of the Code and the other has elected the exemptions under § 522(b)(3), either may have no later than 30 days from the date of entry of this order to amend the election so that both shall have elected the same exemptions. Unless both debtors elect the same exemptions within the time fixed by this order, they will be deemed to have elected the exemptions provided by § 522(b)(2).

8. Combined notices shall be sent to the creditors of the estates of the jointly administered cases.

9. Multiple claims registers shall be maintained.

10. Any deviation from the foregoing procedures shall be by order of the Court.

11. Nothing contained in this Order or the Motion shall be deemed as or construed as directing or otherwise causing a substantive consolidation of the jointly administered cases.

12. This Court retains jurisdiction with respect to all matters arising out of or related to the implementation of this Order.

Dated: April 4, 2013

NORTON MOORE & ADAMS
Limited Liability Partnership

By: */s/ Richard C. Norton*
Richard C. Norton
Attorneys for Gerald H. Davis, Chapter 7 Trustee

# PROOF OF SERVICE

I, Natasha Huitt, declare that: I am over the age of 18 and not a party to the within action; I am employed in the County of San Diego, California where the service occurs; and my business address is 525 B Street, Suite 1500, San Diego, California.

On **April 4, 2013**, I served the foregoing document(s) described as:

**NOTICE OF HEARING AND MOTION [CSD 1181];**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JOINT ADMINISTRATION AND APPOINTMENT OF GERALD H. DAVIS AS TRUSTEE IN ALL JOINTLY ADMINISTERED CASES;**

**DECLARATION OF RICHARD C. NORTON IN SUPPORT OF MOTION FOR JOINT ADMINISTRATION AND APPOINTMENT OF GERALD H. DAVIS AS TRUSTEE IN ALL JOINTLY ADMINISTERED CASES;**

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR JOINT ADMINISTRATION AND APPOINTMENT OF GERALD H. DAVIS AS TRUSTEE IN ALL JOINTLY ADMINISTERED CASES;**

on all interested parties to this action by either placing true copies thereof enclosed in sealed envelopes or by sending true copies thereof through electronic transmission addressed as shown below.

  X   **BY MAIL**: I placed a true copy in a sealed envelope addressed to the parties as indicated above, on **April 4, 2013.** I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on the same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

SEE ATTACHMENT

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on **April 4, 2013** at San Diego, California.

/s/ Natasha Huitt
_____
Natasha Huitt